Anderson *v.* Parsons & als.

ANDERSON, *petitioner vs.* PARSONS & ALS. *appellants.*

$\frac{4}{86}$　$\frac{486}{578}$

Where one devised lands to his son, and his daughter, and two grandsons, (surviv- ing children of a deceased daughter) to be divided between them into three parts, one third to the son, one third to the daughter, and the other third to the two grandsons ; and devised other portions to *other children in full of their* share of his estate ; and charged the devisees of the first three parts with the payment of his debts, in equal thirds ; and one of the grandsons died in the lifetime of the testator, unmarried ;—it was held that the devise to him did not lapse, but survived to his brother.

THIS was an appeal from a decree of the Judge of Probate, on a petition for partition of land, among the devisees under the will of the late Col. *Parsons.* The question was, whether a de- vise to *Rufus Anderson*, the petitioner, and his brother *James*, was lapsed, so far as it respected *James*, by his death; or whether it survived to *Rufus*. The devise was in these words ;—" Thirdly, I give and devise to my son *Isaac Parsons, Jr.* and to my daughter *Esther Chandler*, and to my two grandsons, viz. *Rufus Anderson* and *James Anderson*, (the two surviving children of my daughter *Hannah* deceased,) their heirs and assigns, to be divided between them into three parts, viz. one third part to my said son *Isaac*, one

third part to my said daughter *Esther*, and the other third to my two said grandsons *Rufus* and *James*, all the following parts of my estate," &c.

There was another specific devise to his daughter *Susan*, to be accounted " as her full proportion" of his estate ;—and another devise to his grandson *Moses Edward Parsons*, the only child of another deceased son, to be accounted in full "for his share or portion" of his estate.

Lastly, the testator designated certain property, to be sold for the payment of his debts ;—" and that the overplus, if there be any, be divided one third to my son *Isaac Parsons, Jr.* one third to my daughter *Esther*, and the other third to my grandsons *Rufus Anderson* and *James Anderson* ;—but in case it should fall short, and there be a deficiency, it is my will that they shall make it up by paying each one their part, in the same proportion, sufficient to make it up for the above purpose."

There was no residuary devise.

*James Anderson* died in the lifetime of the testator, and unmarried ; and *Rufus* filed this petition for partition, stating his share or proportion as one third. And the Judge of Probate being of opinion that the devise was not lapsed, the respondents appealed from his decree.

*Fessenden* and *Deblois*, for the appellants, argued that by the terms of the devise, it was a tenancy in common, and not a joint tenancy. All devises are to be so taken, by *Stat.* 1821, *ch.* 35, *sec.* 1, unless a joint estate is expressly created, or clearly implied, by the words of the devise. The only exception is where a conveyance is made to a husband and his wife; and this is on the ground that in law they are but one person. *Shaw v. Hersey* 5 *Mass.* 521. *Fox v. Fletcher* 8 *Mass.* 274.

But it is equally well settled that where a devise is to two, to hold as tenants in common, and one dies in the life of the testator, the devise lapses. *Morley v. Bird* 3 *Ves.* 628. *Cray v. Wallis* 2 *P. Wms.* 529. *Buxton v. Coke* 1 *Salk.* 238. note C. *Bagwell v. Dry* 1 *P. Wms.* 700. *Page v. Page* 2 *P. Wms.* 489. *Webster*

*v. Webster ib.* 347. Suvivorship takes place only where a joint tenancy is expressly created ; or where the will is explicit that upon the death of one of the devisees his share shall go to the survivors.

, *Greenleaf,* for the petitioner, argued from the language of the will, that it was the intent of the testator to give one third of the property to the representatives of his daughter *Hannah.* But if the devise to *James* is lapsed, then *Isaac* and *Esther* will each receive more than the third part devised them, and the representative of *Hannah* less ; contrary to the manifest intent of the testator that these three children should share alike. The English courts have laid much stress upon this principle, always adopting such construction as would give to devisees the portion devised to them, and no more. Such were the cases of *Bagwell v. Dry.* 1 *P. Wms.* 700. *Page v. Page* 2 *P. Wms.* 488. *Rider v. Wager ib.* 331. *Show* 91. Such also was the decision of the court in *Butler v. Little* 3 *Greenl.* 239.

Upon the appellants' construction, the intention of the testator in the last item will also be defeated ; since any deficiency of funds for the payment of debts is there expressly charged on *Isaac, Esther,* and the children of *Hannah,* in equal third parts, having regard to the proportions of the estate devised to them ; yet *Rufus* will receive but one sixth of the estate, and the others hold more than a third. It will also defeat his intentions in regard to *Susan,* and the other grandson, by giving them property beyond what he had expressly declared to be in full of their proportion of his estate. *Man v. Man* 2 *Stra.* 905.

Thus by construing the devise a tenancy in common, the utmost confusion is introduced into the estate ; while by taking it as a joint tenancy in the two grandsons, agreeably to the rule in *Stuart v. Bruce* 3 *Ves.* 632, there being no words of severance in the devise to them, the principle of survivorship carries every part of the testator's intention into full effect.

MELLEN C. J. delivered the opinion of the court.

By the common law, when a devisee dies before the testator, the devise to him is lapsed and void ; no person being *in esse* to

ake. When a devise is to two or more persons jointly, or to them as joint tenants, if one dies before the testator, the survivor will be entitled to the whole. 1 *Show.* 91. 1 *Salk.* 237. *Roper on legacies* 121. 3 *Ves.* 628. 2 *P. Wms.* 529, 331. *Cowper* 257. But when a devise is to two or more as tenants in common, if one of the devisees dies before the testator, then the devise as to him is void and lapsed ; and it shall not go to the survivor, but it is intestate property. 3 *Ves.* 638. 2 *P. Wms.* 529. 1 *Salk.* 238. 1 *P. Wms.* 700. 2 *P. Wms.* 469. Of course the only question is, whether the devise to *James* and *Rufus* was a devise of an estate in joint tenancy, or of an estate in common. The appellant contends it was the latter; the appellee contends it was the former.

Our statute of 1821, *ch.* 35, *sec.* 1, declares that all grants, devises, &c. " to two or more persons shall be taken, deemed and adjudged to be estates in common, unless in express terms declared to be otherwise, or unless there are other words therein used, clearly and manifestly showing it to be the intention of the parties to such grants, devises, &c. that such lands, tenements and hereditaments should vest and be held as joint estates, and not estates in common."

In many cases, the evident intentions of a testator are inconsistent with certain settled principles of law ; and so such intentions cannot be carried into effect. In the case before us no such difficulty exists ; on either construction a fee simple estate was devised to *James* and *Rufus* ; and the only inquiry is whether it was to be holden in common, or in joint tenancy. The statute has left this to be settled merely by the intention of the testator ; and it may be an intention expressed or implied in the will. To ascertain this intention, all the provisions of it must be regarded; and such a construction should then be adopted as will give operation and effect to them all, if that can be done. Hence the importance of examining the several parts of the will; and if on such examination it shall be found that his intentions cannot be carried into execution, unless by construing the devise to *Rufus* and *James* to pass an estate to them as joint tenants, then the court are warranted, and it is their duty, to give it such construction.

It is evident that the testator's affections have been equally divided among his three children, *Isaac, Esther* and *Hannah,* (the deceased mother of *Rufus* and *James*) and hence he was desirous of shewing that fact, by providing in his will that her representatives should have the share which he gave to *Isaac* and to *Esther*, viz. one third of the property described in the devise in question. The object of the testator seems to have been that the issue or surviving issue of *Hannah*, should enjoy the same proportion of his estate, as though she had been living at the time he made his will, and the devise of that third part had been to her in fee. This same idea appears in the bequest of the overplus that might arise from the sale of the property designated for the payment of his debts; one third is given to *Rufus* and *James*. Again it is provided that in case the designated property should fall short, and be insufficient for the payment of his debts, the devisees, *Isaac, Esther* and *Rufus* and *James* should make up the deficiency "by paying each one their part in the same proportion." It is argued that by this provision, such deficiency is to be made up by the devisees in the following proportions; viz. *Isaac* and *Esther* must pay one third each ; and *Rufus* and *James* the other third; and therefore, unless the devise to them is construed to be an estate in joint tenancy, either *Rufus* must pay the one third, and yet hold only one sixth ; or else pay one sixth, and all the estate be rendered liable for the payment of the other one sixth, which is expressly contrary to the terms of the will and the testator's direction; or else the one sixth given to *James*, and that only, is to stand chargeable with this one sixth of deficiency ; and this is contrary to the statute, which subjects all the estate of a deceased person to the payment of his debts. It is urged that these consequences could not have been intended by the testator ; and as by considering the devise to *Rufus* and *James* a joint tenancy, all these difficulties will be avoided, the court should give such a construction to the will as to avoid them ; and do it on the ground, that such must have been the testator's views and intentions. These arguments certainly deserve consideration. There is also in the language of the testator a plain distinction between that which relates to the

devise generally, and that which relates to the devise to *Rufus* and *James*. The words are, (placing the subject of the devise first) "I give and devise all the following parts of my estate, to my son *Isaac Parsons, Jr.* and to my daughter *Esther Chandler,* and to my two grandsons, *Rufus Anderson* and *James Anderson,* (the two surviving children of my daughter *Hannah,* deceased,) their heirs and assigns, to be divided between them into three parts, viz. one third part to my said son *Isaac,* one third part to my said daughter *Esther,* and the other third to my two said grandsons *Rufus* and *James.*" By the words "to be divided between them into three parts" a tenancy in common is clearly created, not only according to our statute, but also according to the principles of the common law ; that is, so far as the respective owners of the three shares or parts stand in relation to each other; but it seems equally clear that, at common law, the devise of the third part to *Rufus* and *James* would be a joint tenancy as between those two devisees; and these different kinds of estates or tenures may exist at the same time, in the same persons, and in respect to the same property. Thus in *Co. Lit.* 189 it is said, "If there be three joint tenants, and one alien his part ; the other two are joint tenants of their parts that remain ; and hold them in common with the alienee."—Therefore if by the will in question the estate had been given in thirds to the before named devisees, as an estate in joint tenancy, and *Isaac* and *Esther* had conveyed their two thirds to a stranger ; then by the above principle he would have held his two thirds in common with *Rufus* and *James* ; and yet they would have held their one third in joint tenancy, as between themselves. Now if such different tenures would be the consequence of an alienation by one or more of the joint tenants, there seems no difficulty in creating such an estate in the first instance, to be holden under a deed undevised ; that is, there is no legal inconsistency or confusion in such a tenure. From several parts of the will it distinctly appears that the testator considered that he had made such a disposition of his property, as that the proportion he had given to his other children was not to be increased by any part of that which he had devised to *Rufus* and *James.* The will contains no residuary clause ; and

no provision is made for the event of the death of *Rufus* or *James*, either before the death of the testator, or, after his death, unmarried and without issue. This circumstance may be fairly used as an argument in favor of construing the estate devised to them as a joint tenancy ; because, if such was the testator's intention, then such prospective arrangements were wholly unnecessary. In a case where no rule of law forbids giving full latitude to a testator's intention, the courts are liberal in their construction in favor of a devisee, upon the subject of intention ; as in the case of *Sargeant & al. v. Town* 10 *Mass.* 303, the court decided that a devise of wild and uncultivated land carried a fee, without any words of inheritance ; because a life estate would be of no use to the devisee. So in the case before us, unless the devise to *Rufus* and *James* made them joint tenants, some provisions in the will cannot be carried into effect without disturbing others, nor the obvious design of the testator, respecting his bounty to the issue of his deceased daughter, have its complete operation. For these reasons, the court are of opinion that the decree of the Judge of Probate ought to be affirmed.